## T. S. NEW v. THE STATE.

1. The Revenue acts of August 15, 1870, (Pamphlet acts of 1870, 199, 201,) have especial reference to the levy, assessment, and collection of taxes; and have no relation whatever to the penal laws of the State.

2. The revenue laws of August 15, 1870, above referred to, require that persons engaged in the sale of spirituous liquors shall first pay a certain tax and obtain a license, and that, if they neglect so to do, the sheriff shall enforce the payment of the tax, with ten per cent. to cover cost, etc. *Held*, that these provisions do not repeal nor conflict with article 2075, Paschal's Digest, which is a penal enactment, declaring it an offense to retail liquors without license, and providing for the punishment thereof.

3. On trial of an indictment for retailing without license, which laid the time of the offense as December 9, 1870, the court below charged the jury that the fine was not less than one hundred nor more than two hundred dollars; and the jury assessed the fine at one hundred dollars. *Held*, that the law charged by the court had been repealed by the act of 1866, and the penalty changed to not less than fifty nor more than two hundred and fifty dollars; and as the jury, if correctly instructed, might have assessed a less fine than they did, the judgment must be reversed for the error indicated.

APPEAL from Ellis. Tried below before the Hon. C. T. Garland.

The opinion discloses the case.

A brief, characterized by much ingenuity and ability in the maintenance of the proposition that the tax acts of 1870 had superseded the provisions of the Penal Code contained in article 2075, Paschal's Digest, was filed in behalf of the appellant; but its author seems to have been too modest to affix to it his autograph. Persons of a suspicious turn of mind would probably impute it to the learned counsel of the defendant in the court below, Messrs. A. A. Kemble and H. H. Sneed.

*John G. Boyle*, Assistant Attorney General, for the State.

OGDEN, J.—The defendant below was indicted for selling liquors without having obtained a license therefor, under article 2075, Paschal's Digest, and was convicted and fined one hundred dollars; and from the judgment of the district court he has appealed. The indictment is in the usual form for charging such an offense, and in the absence of any exceptions specially pointing out material errors, we are of the opinion that it is sufficient to sustain the charge and the judgment rendered thereon.

The acts of the Legislature of August 15, 1870, have especial reference to the levy, assessment and collection of taxes, and have no relation whatever to the penal law of the State. The acts of 1870 expressly provide for raising a revenue, and provide that any person, before engaging in the sale of spirituous liquors, shall pay a certain tax, and obtain a license therefor; and provide further that if a party should neglect to pay the tax and obtain a license, then the sheriff shall proceed and force the payment of the tax, and ten per cent. to cover the cost of enforcing the payment. But article 2075, Paschal's Digest, is a penal statute, declaring it an offense to sell liquor without a license, and providing for the punishment of a crime. The two acts are, therefore, in no respect in conflict, and both may be enforced for the same offense.

But we discover an error in the charge of the court which will require a reversal of the judgment. The court charged the jury that if they found the defendant guilty they must assess his punishment at not less than one hundred dollars, and not more than two hundred dollars. This was error; the law charged by the court had been repealed by the act of 1866, and the penalty changed to "not less than fifty nor more than two hundred and fifty dollars." The verdict of the jury assessed the smallest fine possible under the charge, and the jury might have made it less had the law been correctly charged. The judgment is reversed and the cause remanded.

Reversed and remanded.